# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MONEYHAM, | : | No. 3:16cv211 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| DAVID J. EBBERT, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Joseph F. Saporito Jr.'s report and recommendation (hereinafter "R&R"). The R&R suggests the dismissal of Petitioner Anthony Moneyham's (hereinafter "petitioner" or "Moneyham") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has filed objections to the R&R, and the matter has been fully briefed.

## Background

Neither party objects to the R&R's background section, thus we will adopt it as follows with some slight stylistic changes:[1]

Moneyham is a federal inmate serving a 128-month prison sentence for distribution of heroin. He is expected to complete his active prison term in May

---

[1] (See R&R at 1-3).

2019, at which time he will commence a sixty-month period of supervised release.

This proceeding was initiated by a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the petitioner on January 10, 2016. At the time of the filing, Moneyham was incarcerated at USP Lewisburg, located in Union County, Pennsylvania.

In his petition, Moneyham challenges a disciplinary decision finding him guilty of misconduct based on Incident Report No. 2445857, which charged him with engaging in a sexual act (masturbation). Following a hearing before a disciplinary hearing officer (hereinafter "DHO") on May 31, 2013, Moneyham was found guilty of the misconduct and sanctioned with the disallowance of good conduct time.

At the May 31, 2013 disciplinary hearing, the DHO actually received evidence related to two separate reports of misconduct that occurred while Moneyham was incarcerated at FCI Pekin, located in Tazewell County, Illinois. The first misconduct, Incident Report No. 2445317, charged Moneyham with threatening bodily harm and being insolent to a staff member on May 15, 2013. The second misconduct is the one discussed above related to masturbation. It involved an incident which occurred on May 16, 2013.

The instant petition asserts that Moneyham never received a written decision of the DHO regarding the masturbation misconduct although on September 5, 2013, he did receive a written report with regard to the other misconduct. Petitioner argues that his due process rights were violated because without a written decision, he could not exhaust his administrative remedies and challenge the DHO's decision. (Doc. 1, Habeas Corpus Petition at ¶ 13). On January 10, 2016, Moneyham filed the instant petition seeking the return of his good conduct time and the expungement of the code violations from his disciplinary record. (Id. ¶ 15).

In response to the habeas corpus petition, the government served a copy of the DHO's decision upon the petitioner. With his possession of the decision, the petitioner may now appeal the decision if he so chooses and the petition is therefore moot according to the government. Petitioner responds that the petition is not moot, because he has suffered negative effects of a code violation being in his disciplinary history. The government filed a sur-reply brief (Doc. 7-1) arguing that petitioner admits he has not exhausted his administrative remedies as required by the law and he cannot raise claims in his opposing briefs. Therefore, the petition should be dismissed.

On April 5, 2018, Magistrate Judge Saporito issued the instant R&R. The R&R suggests that the habeas corpus petition is not moot but that it should be

denied because the petitioner failed to exhaust administrative remedies. Petitioner has filed objections, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of

4

tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

If there are issues addressed in the R&R to which no objections are lodged, we must determine if a review of the record evidences plain error or manifest injustice. If it does not, then we can adopt the R&R with respect to those issues. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Discussion**

Petitioner Moneyham seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). That statute "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (internal quotations omitted). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

5

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)). Although the Third Circuit has yet to define clearly the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges " 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.' " Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

Here, the petitioner challenges the computation of his sentence in the sense that his good conduct time was disallowed due to the misconduct finding. Accordingly, Section 2241 is the proper method for him to use to obtain the relief he seeks.

The magistrate judge makes two main findings, first that the case is not moot, and second that the case should be dismissed for failure to exhaust administrative remedies. We will address these issues in turn.

**1. Mootness**

The petitioner complains about not receiving the written decision of the DHO. After the filing of the petition, the government sent a copy of the written

decision to the petitioner. The government thus argues that the petition is now moot.

The R&R first suggests that the habeas corpus is not moot. The petitioner does not seek a copy of the written decision, but rather the restoration of good conduct time and expungement from his record of incident report number 2445857. These matters are not resolved by receipt of the DHO's decision, therefore, the petition is not moot according to the R&R.

No objection to this recommendation has been filed, and we find no plain error or manifest injustice. Thus, we will adopt this portion of the R&R, and conclude that the petition is not moot.

**2. Exhaustion of administrative remedies**

The second issue addressed by the R&R is the exhaustion of administrative remedies. Magistrate Judge Saporito recommends dismissing the case for failure to exhaust the administrative remedies. The petitioner objects to this recommendation. Thus, as set forth above, we must make a *de novo* determination of this issue.

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies before petitioning for a writ of habeas corpus. Moscato v. Fed. Bur. of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). The

Third Circuit requires administrative exhaustion for habeas claims raised under Section 2241 because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and [because] (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62.

To exhaust the administrative remedies regarding a DHO's decision, the prisoner must first submit an appeal to the Regional Director for the region where the inmate is located at that time. 28 C.F.R. § 542.14(d)(2). Such an appeal is filed by submitting the appropriate form to the Regional Director. 28 C.F.R. § 542.15(a).

If the inmate is not satisfied with the Regional Director's response, he may next appeal to the Bureau of Prisons' General Counsel. Id. Such an appeal must be made within thirty (30) days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. "When an inmate demonstrates a valid reason for delay, these time limits may be extended." Id.

As noted above, a Section 2241 petition may be filed after the administrative appeals have been exhausted. Here, the original petition admitted that petitioner did not exhaust his administrate appeals. He states in

8

the petition that he did not appeal the DHO decision. (Doc. 1, Habeas Corpus Petition ¶ 7). He indicates that he did not appeal because he did not receive the DHO report.[2] (Id. ¶ 7(b)). Thus, the failure to exhaust should be excused according to the petitioner, and we should address the merits of the petition. We disagree.

The rules provide that the defendant should attach a copy of the written decision to his appeal. 28 C.F.R. § 542.15(b)(1). Failure to receive the decision, however, does not excuse a petitioner's failure to exhaust his administrative remedies. The law indicates that an inmate may appeal a disciplinary matter even if he has yet to receive the DHO's written decision. See, e.g., Staples v. Maye, 711 Fed. Appx. 866, 869 (3d Cir. 2017) (explaining that an inmate may file an appeal even if he has not received the written DHO decision and explain in the appeal that he has not yet received the written report); Griffin v. Ebbert, 640 Fed. App'x 181, 184 (3d Cir. 2016) (explaining that a federal prisoner's procedural due process rights were not violated in prison's administrative disciplinary proceedings that led to revocation of good conduct time, even though he had not received the DHO's written report - prison regulations permitted prisoner to proceed through administrative appeal process without written DHO

---

[2] We note that plaintiff waited more than two years before filing the instant case and complain about not receiving the written report.

report as long as he stated in his appeal the date of disciplinary hearing and the nature of charges against him).[3] Thus, we reject petitioner's argument that he could not appeal because he did not have a copy of the DHO's report.

Additionally, in his objections to the R&R, the petitioner indicates that although he had not exhausted his administrative remedies when he initially filed his petitioner, he has now exhausted those remedies. He asserts that he proceeded through the administrate remedies after receiving a copy of the DHO decision, which the government provided him in response to his filing the instant petition. Because he has now exhausted his administrative remedies, we need not dismiss his petition, according to Moneyham. We disagree.

The timing of petitioner's exhaustion of remedis is crucial to the resolution of this issue. Exhaustion is a **precondition** to filing suit. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). In other words, a prisoner may not properly file a Section 2241 motion and then afterward exhaust administrative remedies. The remedies must be exhausted prior to filing the petition. That simply is not the case here. Petitioner admits that when the case was filed, his administrative remedies had not been exhausted.

---

[3] The R&R notes that nothing in the record indicates that petitioner exhausted his administrative remedies after he received the DHO's written report in 2016. (Doc. 13, R&R at 7).

Because petitioner did not properly exhaust administrative remedies before filing suit, we will overrule his objections and adopt the magistrate judge's R&R. The Section 2241 petition will be denied. An appropriate order follows.

Date: **November 26, 2018**    **BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**